UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD FRIEDRICH,
    Plaintiff,

-vs.-                                        **DEMAND FOR JURY TRIAL**

HUNTER WARFIELD, INC.
    Defendant.

## COMPLAINT & JURY DEMAND

Plaintiff, Todd Friedrich, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Hunter Warfield, Inc. which is a Maryland company that maintains registered offices in Ingham County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Van Buren County.

5. Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant was attempting to collect a consumer type debt allegedly owed by Plaintiff for an apartment that Plaintiff co-signed for in 2006.

7. This debt was discharged on or about February 17, 2009 in a bankruptcy case filed by the Plaintiff.

8. Sometime in either November or December 2011, Defendant called Plaintiff in an attempt to collect on the alleged debt.

9. During this conversation, Defendant said to Plaintiff, "I can't stand people who don't want to pay their debt."

10. During the above conversation, Plaintiff told Defendant that he filed bankruptcy and that he does not owe the alleged debt.

11. Defendant misinformed the Plaintiff that he is still responsible for the alleged debt.

12. This was the first and only time that Defendant called Plaintiff.

13. Plaintiff never received anything in writing from Defendant until on or about March 23, 2012. This is the first and only letter that Plaintiff received from Defendant.

14. This letter does not contain the amount of the debt allegedly owed nor does it give Plaintiff the 30 day validation notice rights as required under the FDCPA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

20. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

21. Plaintiff incorporates the preceding allegations by reference.

22. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

23. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

25. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

26. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

27. Plaintiff incorporates the preceding allegations by reference.

28.  Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act  ("MCPA"), at MCL § 445.251.

29. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

30. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

31. Plaintiff has suffered damages as a result of these violations of the MCPA.

32. These violations of the MCPA were willful.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

### DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

    b.  Statutory damages.

    c.  Treble damages.

    d.  Statutory costs and attorney fees.

Respectfully submitted,

May 7, 2012
          /s/ Gary Nitzkin
          GARY D. NITZKIN  P41155
          MICHIGAN CONSUMER CREDIT LAWYERS
          Attorneys for Plaintiff
          22142 West Nine Mile Road
          Southfield, MI 48033
          (248) 353-2882
          Fax (248) 353-4840
          Email – gary@micreditlawyer.com