UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD FRIEDRICH,

    Plaintiff,

v.

HUNTER WARFIELD, INC.,

    Defendant.

                                    /

File No. 1:12-CV-460

HON. ROBERT HOLMES BELL

## **OPINION**

This action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, comes before the Court on Defendant Hunter Warfield, Inc.'s motion to strike Plaintiff's nonconforming acceptance of offer of judgment. (Dkt. No. 24.)

On November 19, 2012, Defendant made an offer of judgment in the amount of $1,150 in statutory and actual damages, plus $350 in costs, plus reasonable attorney's fees as determined by the Court through the date the offer was accepted. (Dkt. No. 21.) Plaintiff filed an acceptance of Defendant's offer of judgment, stating that Plaintiff "hereby accepts Defendant's Offer of Judgment to Plaintiff" in the amount of $1,500 "plus reasonable attorney fees and costs as determined by the Court." (Dkt. No. 22.)

After accepting Defendant's offer of judgment, Plaintiff provided Defendant with an itemization of attorney's fees incurred. Defendant thereafter moved to strike Plaintiff's purported acceptance of the offer of judgment as nonconforming. Defendant contends that

the purported acceptance does not place any limitation on the amount of attorney's fees he can recover, and seeks costs above those specified in Defendant's offer. Plaintiff contends that his purported acceptance should not be stricken because it was a valid acceptance, or, alternatively, because it constitutes a counter-offer that Defendant was free to accept or reject. Plaintiff asserts that Defendant's motion is simply an attempt to withdraw its offer of judgment upon learning of the amount of attorney's fees incurred by Plaintiff.

If a party defending against a claim serves an offer to allow judgment on specified terms, and if the opposing party serves written notice accepting the offer, judgment may be entered on the accepted offer. Fed. R. Civ. P. 68(a). Courts apply general contract principles to determine whether an offer of judgment has been accepted. *Whitaker v. Assoc. Credit Servs., Inc.*, 946 F.2d 1222, 1226 (6th Cir. 1991). "A valid offer and acceptance requires a mutual manifestation of assent, a meeting of the minds as to the terms of the contract." *Id.*

Defendant made an offer of judgment in the amount of $1,150 in statutory and actual damages, plus $350 in costs. Plaintiff's acceptance of judgment in the amount of $1,500 included the $350 costs in the judgment. This is not a material difference. As the Sixth Circuit has noted, '[i]If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs." *McCain v. Detroit II Auto Fin. Ctr.*, 378 F.3d 561, 563-54 (6th Cir. 2004) (quoting *Marek v. Chesny*, 473 U.S. 1, 6 (1985)). Although Plaintiff's acceptance did not recite any limitations on recoverable attorney fees, Plaintiff's acceptance did not contradict the offer's

2

limitation to attorney fees incurred through the date of the acceptance. The only contradiction in the acceptance was reference to additional costs as determined by the Court. The Court does not view this reference to additional costs as a non-conforming acceptance or as a rejection of Defendant's limitation of costs to $350.

The Court finds that Plaintiff's acceptance of Defendant's offer of judgment reflects a meeting of the minds as to the terms of the judgment. Defendant's motion to strike Plaintiff's nonconforming acceptance of offer of judgment will accordingly be denied. The Court will enter a judgment in the amount of $1,500 plus reasonable attorney's fees as determined by the Court through November 20, 2012, the date Plaintiff accepted Defendant's offer of judgment.

An order consistent with this opinion will be entered.


Dated: March 15, 2013                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE