UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD FRIEDRICH,

       Plaintiff,

                                    File No.  1:12-CV-460

v.

                                      HON. ROBERT HOLMES BELL

HUNTER WARFIELD, INC.,

       Defendant.

_____/

## O P I N I O N

In this action under the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C.

§ 1692 *et seq.*, Plaintiff accepted Defendant's offer of judgment in the amount of $1,500 plus

reasonable attorney's fees through November 20, 2012, as determined by the Court.  (Dkt.

No. 28, Order.)  This matter is currently before the Court on Plaintiff's motion for attorney's

fees.  (Dkt. No. 29.)  Plaintiff seeks an award of attorney's fees in the amount of $5,845.

Defendant does not contest Plaintiff's right to attorney's fees, but contends that a reasonable

attorney's fee is $500.

## I.

A reasonable fee is one that is "adequately compensatory to attract competent counsel

yet which avoids producing a windfall for lawyers."  *Geier v. Sundquist*, 372 F.3d 784, 791

(6th Cir. 2004).  "The most useful starting point for determining the amount of a reasonable

fee is the number of hours reasonably expended on the litigation multiplied by a reasonable

hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Once this lodestar figure is established, the trial court may consider other factors and adjust the award upward or downward to achieve a reasonable result.  *Id.* at 434.  Relevant factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Geier*, 372 F.3d at 792 (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974)).  Many of these factors may be subsumed within the initial calculation of hours reasonably expended and a reasonable hourly rate.  *Hensley*, 461 U.S. at 434 n. 9.

The FDCPA permits the award of actual damages and additional statutory damages not exceeding $1,000, and mandates the award of a reasonable attorney's fee to a prevailing plaintiff.  15 U.S.C. § 1692k(a).  In determining the amount of liability, the Court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).

Because this case was settled by the parties, this Court has not made any findings of fact regarding Defendant's liability.  However, the allegations in Plaintiff's amended complaint establish that the only violations alleged involve statements made by Defendant during a single telephone call on March 9, 2012.  (Dkt. No. 15, Am. Comp. ¶¶ 8, 10.)

Plaintiff filed this suit on May 8, 2012.  On June 12, 2012, Plaintiff reviewed a recording and transcript of the allegedly offending telephone call.  (Dkt. No. 29, Pl.'s Mot., Ex. A, Nitzkin Aff., Attach. 1, Acc'g of Fees.)  On June 26, 2012, Defendant offered to settle the case for $1,750.  (Dkt. No. 30, Def.'s Resp., Ex. A.)  Plaintiff rejected the settlement offer.  (*Id.*)  On November 19, 2012, Defendant made an offer of judgment, this time in the amount of $1,150, plus $350 in costs and reasonable attorney fees as determined by the Court through the date the offer was accepted.  (Dkt. No.  21.)  Plaintiff accepted the offer on November 20, 2012.  (Dkt. No. 22.)

Plaintiff's attorney's fee request of $5,845 includes 14.7 hours for Attorney Gary Nitzkin at $350 per hour, 1 hour for Attorney Travis Shackelford at $300 per hour, and 2.5 hours for  Paralegal Julie LaManna at $160 per hour.  The majority of the time that makes up Plaintiff's attorney fee request was expended after Plaintiff received Defendant's first settlement offer.

The Court finds that the offer of judgment accepted by Plaintiff in November ($1,150, plus $350 in costs, plus attorney fees) is no more favorable to Plaintiff than the $1,750 settlement offer rejected in June.  Nor could Plaintiff have reasonably expected a more favorable result.  Plaintiff's complaint concerns statements made in a single telephone call. Although Plaintiff has made a bear bones assertion of "economic, emotional, general and statutory damages," Plaintiff has not specified any actual damages as a result of the alleged FDCPA violations.  The initial settlement offer included $750 more than the maximum allowable statutory damages. Assuming Plaintiff could establish a right to the maximum

3

allowable statutory damages, the additional $750 was more than sufficient to cover the reasonable attorney fees at the time the settlement offer was made. Because the settlement offer included the maximum statutory recovery and a reasonable attorney fee, the offer should have been accepted, thereby ending this litigation. *See Kuhne v. Law Offices of Timothy E. Baxter and Assoc., P.C.*, No. 08-14088, 2009 WL 1798126 (E.D. Mich. June 23, 2009) (holding that offer of judgment offering the maximum statutory recovery should have been accepted, and that time spent after receiving the offer was not reasonable). The hours expended by Plaintiff's counsel on this case between June and November, after the receipt of Defendant's settlement offer, were not reasonably expended because they were not reasonably calculated to improve Plaintiff's position. The Court concludes that the only hours reasonably expended on this litigation are the 3.9 hours of Attorney Nitzkin and the 1.8 hours of his paralegal that had been expended at the time the first settlement offer was rejected.

Plaintiff has requested $350 per hour for the work of Attorney Nitzkin and $160 per hour for the work of his paralegal. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

Plaintiff has presented Attorney Nitzkin's affidavit that his usual and customary rate is $350 per hour. (Pl.'s Mot., Ex. A, Nitzkin Aff. ¶¶ 3-4.) Plaintiff has also presented a

4

copy of the 2010 Economics of Law Practice Attorney Income and Billing Rate Summary Report issued by the State Bar of Michigan.  Although Plaintiff's counsel asserts that his hourly rate is normal, if not average, for an attorney with 25 years of experience practicing consumer law in Oakland county, the Court's review of the Report indicates that the requested billing rate greatly exceeds the mean averages for work based on years in practice, office location, and field of practice.  The work performed by counsel in this case does not warrant more than an average rate, which, for a managing partner with 25 years of experience in Oakland County in the field of consumer law, is more in the range of $275 per hour.  The Court will accordingly reduce the hourly rate from $350 per hour to $275 per hour.

Plaintiff has presented Paralegal LaManna's affidavit that her usual and customary rate is $160 per hour.  (Pl.'s Mot., Ex. C, LaManna Aff. ¶¶ 2-3.)  Plaintiff has not provided evidence regarding his paralegal's experience, nor has he provided any corroborating evidence that $160 per hour is the normal or average rate for a paralegal working in the field of consumer law in Oakland County, Michigan.  The Court will reduce the paralegal hourly rate from $160 per hour to $100 per hour.

In conclusion, the Court concludes that a reasonable attorney's fee in this case is $1,252.50, which includes $1,072.50 for Mr. Nitzkin (3.9 x $275), and $180 for his paralegal (1.8 x $100).  This amount will be added to the $1,500 offer of judgment, for a total judgment of $2,752.50.

An order and judgment consistent with this opinion will be entered.

Dated: September 4, 2013                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE